**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1912
_____

ANDRE LE-VAR HILL,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A039-751-543)
Immigration Judge:  Honorable Andrew Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 2, 2013
Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed: October 4, 2013)
_____

OPINION
_____

PER CURIAM

Andre Le-Var Hill ("Hill") petitions for review of the Board of Immigration Appeals'

("BIA" or "Board) dismissal of his appeal.  For the following reasons, we will deny the

petition for review.

1

I.

Hill, a citizen of Jamaica, entered the United States as a lawful permanent resident in 1985. In 1999, he was convicted of possession of marijuana in the fourth degree in New York, in violation of N.Y. Penal Law. § 221.15, and sentenced to probation. In 2011, he was convicted in the Southern District of New York of being a fugitive in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(2), and sentenced to 18 months' imprisonment. Subsequently, he was served with a Notice to Appear charging him with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) on the basis of an aggravated felony firearms offense as defined by 8 U.S.C. § 1101(a)(43)(E)(ii); under 8 U.S.C. § 1227(a)(2)(B)(i) for a controlled substances violation; and under 8 U.S.C. § 1227(a)(2)(C) for a firearms violation.

At a hearing before the Immigration Judge ("IJ"), Hill admitted the factual allegations but testified that if he were removed to Jamaica, he would be subject to persecution and torture by the government because of his family's association with the Jamaican Labor Party ("JLP"), the opposition party to the ruling People's National Party ("PNP"). The IJ concluded that Hill's federal firearms conviction rendered him ineligible for withholding of removal because it was a "particularly serious crime."[1] See 8 U.S.C. § 1231(b)(3)(B)(iv). Alternatively, he concluded that Hill's application failed on the merits. The IJ also denied Hill's application for deferral of removal under the Convention Against Torture ("CAT"), noting that the evidence did not support Hill's claim that he would likely face torture based upon his political affiliation.

---

[1] Hill did not file an application for asylum.

On appeal to the BIA, Hill did not challenge the IJ's removability findings and his determination that Hill's federal firearms conviction barred him from withholding of removal. The BIA found no error in the IJ's determinations that Hill had not demonstrated eligibility for withholding of removal and that he was not likely to face torture in Jamaica. In his appeal, Hill asserted that his due process rights were violated when his hearing was rescheduled without adequate notice because he was unable to have family members present to testify as to the hardship consequences of his removal. However, the BIA determined that he had not shown the necessary prejudice because he was ineligible for discretionary relief, did not submit any additional evidence on appeal that he was unable to present to the IJ, and had not indicated before the IJ that he was not prepared to proceed. This petition for review followed.

## II.

Generally, we lack jurisdiction to review a final order of removal against an alien, like Hill, who is removable for having been convicted of an aggravated felony.[2] 8 U.S.C. § 1252(a)(2)(C). We retain jurisdiction, however, to review any constitutional or legal questions raised in his petition for review. See 8 U.S.C. § 1252(a)(2)(D); Cruz v. Att'y Gen., 452 F.3d 240, 246-47 (3d Cir. 2006).

## III.

As an initial matter, Hill has not challenged the IJ's determination that his aggravated felony conviction rendered him ineligible for withholding of removal. As a result, this issue is

---

[2] The agency correctly concluded that Hill was an aggravated felon based upon his conviction under 18 U.S.C. § 922(g)(2). See 8 U.S.C. § 1101(a)(43)(E)(ii).

waived.[3]  See Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010) (arguments not raised in opening brief are waived).

Hill does challenge the BIA's denial of relief under the CAT. We may review only legal questions regarding Hill's eligibility, however; factual questions are outside the scope of our reviewing authority. See Pierre v. Att'y Gen., 528 F.3d 180, 184 (3d Cir. 2008) (en banc). Hill appears to allege that the BIA failed to consider relevant evidence concerning whether he established eligibility for deferral of removal under the CAT. We may review this claim. See Green v. Att'y Gen., 694 F.3d 503, 508 (3d Cir. 2012). (addressing the merits of criminal alien's claim that "the IJ and BIA committed legal error by ignoring relevant evidence in the record"). But Hill has failed to specify any specific evidence that was overlooked, and we discern no error on our own.

Hill also appears to challenge the weight the agency gave to his evidence when evaluating his eligibility for CAT relief. See id. (recognizing that petitioner's "real argument is *not* that relevant evidence was ignored, but rather that the IJ incorrectly weighed evidence in making factual determinations"). However, as we have just indicated, we lack jurisdiction

---

[3] In any event, we would lack jurisdiction over such a claim. For one thing, Hill did not argue to the BIA that the IJ erred in determining that he was ineligible for withholding of removal because his firearms conviction was "particularly serious." Nor did the BIA consider the question on its own. See Lin v. Att'y Gen., 543 F.3d 114, 123-24 (3d Cir. 2008) (noting that when the BIA sua sponte addresses an otherwise unexhausted issue, failure to raise the issue on administrative appeal may be excused). The failure to properly exhaust an argument deprives us of authority to consider it. See 8 U.S.C. § 1252(d)(1); Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012). In addition, our authority to review a determination that a crime was "particularly serious," see Alaka v. Att'y Gen., 456 F.3d 88, 101-02 (3d Cir. 2006), is not unlimited. See Kaplun v. Att'y Gen., 602 F.3d 260, 267 (3d Cir. 2010) (noting that a criminal alien must present "assertion[s] of legal error" in the determination that a crime was "particularly serious").

4

over such a claim.[4] See Pieschacon-Villegas v. Att'y Gen., 671 F.3d 303, 309 (3d Cir. 2011) (court lacks jurisdiction to review criminal alien's disagreement with BIA's determination that his evidence is insufficient to demonstrate eligibility for CAT relief). The BIA concluded that the record did not support any finding that public officials in Jamaica would acquiesce in any torture, and Hill has not shown any legal error in that conclusion.

As he did before the BIA, Hill asserts that his due process rights were violated when his hearing was rescheduled for an earlier date without receiving adequate notice. According to Hill, he was prejudiced because he was not prepared for the hearing and was unable to have family and friends appear to testify that his removal would result in extreme hardship. However, the BIA correctly determined that such testimony could not aid Hill, as he was ineligible for discretionary relief. See 8 U.S.C. § 1229b(a)(3) (cancellation of removal not available for aliens convicted of aggravated felonies). Accordingly, Hill's inability to present this testimony did not result in any violation of due process.[5] See Delgado-Sobalvarro v. Att'y Gen., 625 F.3d 782, 787 (3d Cir. 2010) ("To establish a violation of due process, the petitioner[] must show that substantial prejudice resulted from the alleged procedural errors.").

---

[4] In any event, such a claim is meritless. Nothing in Hill's testimony asserted that the Jamaican government would likely torture him or acquiesce to his torture. Furthermore, the Country Reports do not support Hill's contention that he would be tortured. While the Country Reports do note that recent unlawful killings by security force members have occurred, it also indicates that those members were acting independently of the government and that the government has taken steps to control corruption. Furthermore, nothing in the Reports indicates that these killings occurred because the victims supported the JLP. See Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004) (country reports described as the "most appropriate" and "perhaps best resource" on country conditions).

[5] In any event, Hill never told the IJ that he was not prepared to proceed, and nothing in the record indicates that Hill actually sought hardship relief.

In his brief, Hill appears to assert that he is eligible for a waiver under former INA §

212(c) as well as a waiver under INA § 212(h). However, he did not exhaust these claims

before the BIA, and we therefore lack jurisdiction to consider them.[6]  See 8 U.S.C. §

1252(d)(1); Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012).

IV.

For the foregoing reasons, we will deny the petition for review.

---

[6] We note § 212(c) relief was abolished in 1996, and Hill's crimes occurred long after that. Furthermore, Hill would be ineligible for § 212(h) relief because of his aggravated felony conviction.  See De Leon-Reynoso v. Ashcroft, 293 F.3d 633, 638 (3d Cir. 2002).